*557 OPINION of the Court, by
Judge Owseey.
On the 6th day of June 1797, Bartlet Bennet executed an obligation binding himself to convey to Michael Dougherty and John Davidson, within eight months, by a general warranty deed, a certain tract of land then situate in Mason county; and by the agreement of Doughertyand Davidson, the obligation was placed in the hands of Davidson for safe-keeping.
Dougherty afterwards sold his interest in the land to Benjamin Maple and James Key, and Davidson having, produced the obligation for that purpose, Dougherty, on the 5th of July 179?, by an endorsement on the obligation, assigned his interest in it to Maple and Key.
On the 9th of September 1797, Key sold his part of the land to a certain Vincent Calvin, and by an endorsement on the obligation of that date assigned his interest in the obligation to Calvin. '
Calvin, in virtue of his purchase from Key, took pos'session of the land, and without using any effort to obtain a title from Bennet, continued to reside upon the land until he was expelled by suit under an adverse Claim; and then, for the first time, applied to Davidson, *558 who seems still to have retained possession of the obli-Sat>°n, for permission to use it in prosecuting a suit against Bennet; and Davidson having delivered hint the obligation, though with special injunction for hint aS:iin to return it, he in Í810 commenced an action of covenant upon the obligation in the name of Dougherty and Davidson, and caused such proceedings to he had therein as ultimately to recover a judgment against Bennet; but owing to the ihsolveiicy of Bfennet the judgment still remains unsatisfied.
Upon ascertaining the judgment could not be satisfied by Benpet, the present suit whs brought by Maple and Key, for the purpose of obtaining compensation against Dougherty upon his assignment ⅜ and. the only question now presented for the consideration of this court is, do the circumstances thus detailed produce any liability upon Dougherty ?
Had Dougherty been the only obligee, and by his fen-dorsement assigned the entire demand, and delivered the obligation to Maple and Key, it is admitted that according to the settled doctrine of the law, after such great delay in failing to prosecute suit ágainst Bénnet as is shown to have intervened in the present case, that Dougherty could not be made liable upon liis assignment; hut it is contendéd that as the assignment is of Dough-erty’s interest only, it conferred no legal right of suit upon Maple and Key, and hence it is urged they were not bound, and especially as Davidson, the other obli-gee, retained the possession of the obligation, they ought not to he required to use diligence in prosecuting the demand against Bennet, before they can have recourse against Dougherty.
The doctrine contended for cannot, however, be admitted to prevail: for although Maple and Key may hot have gaihed by the assignment a right to maintain: an action at law in their own names, they might in equity have asserted their right to the land; ánd in that suit, upon ascertaining Bennet could not make an indisputable title, it would have been competent for damages to have been recovered equivalent tó whát might have been obtained in an action at law ; and even at law the assignment gave an authority to Maple and Key to use the name of Dougherty in whatever related to the obligation. Whether, therefore, the case is considered either in relation to a proceeding in chancery or law, nú *559 reason is perceived for distinguishing it from the common case of an assignment. In either case Dougherty could have no control; he had parted with his interest in the obligation; he had given up his name to be used by the assignees, and it was with them either to release the obligor Bennet from the demand, or coerce a complir anee with the obligation.
The failure of Maple and Key, therefore, to prosecute the demand against Bennet with proper diligence, we are of opinion discharged Dougherty from any liability upon his assignment.
The circumstance of Davidson, the other obligee, having retained the possession of the obligation, does not change the case. From the nature of the thing hut one could possess it, and when Maple and Key obtained the assignment they must have known Davidson held it$ and it is not pretended they were ever prevented from using the bond for any purpose whatever.
The judgment of the court belorvv must be reversed with costs, the cause remanded and the suit dismissed With costs.